# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL F. ANTONELLI and NOREEN A. ANTONELLI,<br><br>    Debtors. | Case No. 17-64177-PMB<br>Chapter 7 |
| NEIL C. GORDON, Chapter 7 Trustee for the Estates of Michael F. Antonelli and Noreen A. Antonelli,<br><br>    Movant,<br><br>v.<br><br>PNC BANK, N.A. f/k/a RBC CENTURA BANK, WELS FARGO BANK, N.A., CHATHAN PARK COMMUNITY ASSOCIATION, INC., FULTON COUNTY TAX COMMISSIONER, MICHAEL F. ANTONELLI and NOREEN A. ANTONELLI,<br><br>    Respondents. | CONSTESTED MATTER |

## WELLS FARGO BANK, N.A.'S SUPPLEMENTAL RESPONSE TO TRUSTEE'S MOTION TO SELL

COMES NOW, Wells Fargo Bank, N.A. ("Wells Fargo"), and files this Supplemental Response to the Trustee's Motion to Sell [Doc. 45], respectfully showing this Honorable Court as follows:

1.     On July 30, 2018, this Court held a hearing on the Trustee's Motion to Sell. The Motion to Sell argued that the Trustee could sell the property at 3020 Lancaster Square, Roswell, Georgia 30076 (the "Property")  free and clear of Wells Fargo's interest (referred to in the

1

original response as the "Sunshine Security Deed") because it was subject to a bona fide dispute pursuant to 11 U.S.C. § 363(f)(4). At the hearing, the Trustee argued for the first time that the Property could also be sold free and clear of the Sunshine Security Deed under 11 U.S.C. § 363(f)(5), and the Court invited supplemental briefing on the issue. Wells Fargo contends that this provision cannot be utilized to compel Wells Fargo to accept a sale at a price hundreds of thousands less than it is owed.

2.  Under 11 U.S.C. § 363(f)(5), the trustee may sell property free and clear of an interest if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." The Trustee contends that this provision applies for two reasons – first, the RBC Security Deed could be foreclosed and extinguish the Sunshine Security Deed; and second, the Sunshine Security Deed can be extinguished through a receivership proceeding under Georgia law. Both arguments are unavailing.

3.  The Trustee first argues that the Sunshine Security Deed could be extinguished by a nonjudicial foreclosure sale of the RBC Security Deed, and thus there is a legal or equitable proceeding whereby Wells Fargo would be compelled to accept a money satisfaction of such interest. This argument depends on two factors – first, that the RBC Security Deed is actually in first position; and second, that a nonjudicial foreclosure proceeding is the type of legal or equitable proceeding envisioned by Section 363(f)(5).

4.  First, the RBC Security Deed is not in first position. As summarized in Wells Fargo's initial response, and in its arguments at the hearing, the RBC Security Deed states, in all capital letters, that

> THIS LOAN IS SUBJECT AND SUBORDINATE TO SECURITY DEED DATES JUNE 30, 2006 TO MER [*sic*] AS NOMINEE FOR SUNSHINE MORTGAGE CORPORATION IN THE PRINCIPAL AMOUNT OF $1,492,500.00.

2

5. Under Georgia law, "the legal order of priority as between mortgages and other liens may be fixed, reversed, or modified by an agreement of the parties or by a waiver or release on the part of the senior lienholder." *Cameron v. Churchill Mortg. Corp.*, 290 S.E.2d 474, 476 (Ga. 1982) (quoting 59 C.J.S. Mortgages § 229). "[W]here facts apparent on the face of the mortgages show that it was the intention of the parties to give preference to one over the other, the lien so preferred will be enforced . . . ." *Mitchell v. West End Park Co.*, 156 S.E. 888, 891 (Ga. 1930). Here, there are clearly facts visible on the face of the RBC Security Deed that conclusively show that the Sunshine Security Deed is to be in first position, and Georgia law provides that the liens "will be enforced" in this priority. As such, a foreclosure of the RBC Security Deed would not extinguish the Sunshine Security Deed.

6. Even if the RBC Security Deed was in first position, a foreclosure of that interest is not the type of legal or equitable proceeding contemplated by Section 363(f)(5). It appears that the majority of courts to analyze this section have held that this section is limited in scope "to those scenarios where the trustee or debtor, not any third party, is the actor." *Dishi & Sons v. Bay Condos, LLC*, 510 B.R. 696, 711 (S.D.N.Y. 2014) (citing *In re Ricco, Inc.*, 2014 WL 1329292, at *3 (Bankr. N.D. W. Va. April 1, 2014); *In re Haskell*, 321 B.R. 1, 9 (Bankr. D. Mass. 2005)); *see also In re Love*, 553 B.R. 54, 59 (Bankr. D.S.C. 2016) (collecting cases). As noted by the Court in *Dishi & Sons*, the interpretation advanced in the instant case by the Trustee would render "the remaining paragraphs mere surplusage." 510 B.R. at 711. "If paragraph (5) encompasses foreclosure actions by third parties, there is no reason it should not encompass other hypothetical actions by third parties such as eminent domain or foreclosure of tax liens. [cit]. If that is the case, it is difficult to see when paragraph (5) will *not* permit a free and clear sale." *Id.* at 710

(citation omitted). Because Section 363(f)(5) does not permit the Trustee to rely upon possible actions by third parties, this is not a permissible basis on which to grant the Motion to Sell.

7. The second argument advanced by the Trustee is that the Sunshine Security Deed could be extinguished by a receivership proceeding in Georgia state court. This argument is premised on both Section 363(f)(5) and (1), which provides that a sale can be ordered if "applicable nonbankruptcy law permits sale of such property free and clear of such interest." Specifically, the Trustee said that his "ability to look to Georgia state law is sufficient to

> satisfy 11 U.S.C. § 363(f)(5) and allow Trustee to sell the Property free and clear. Receiverships are grounded in equity, and in such an equitable proceeding, the receiver can compel an entity to accept a money satisfaction of its interest. Thus, both Sections 363(f)(1) and (5) of the Bankruptcy Code are satisfied by Georgia's receivership laws with respect to senior and junior liens.

[Doc. 51] at ¶ 8.

8. Initially, Wells Fargo contends that this bare argument by the Trustee utterly fails to satisfy his burden. *See In re S. Mfr. Group, LLC*, No. 15-00931, 2016 WL 3344787, at *4 (Bankr. D.S.C. June 7, 2016) (trustee bears the burden to show that the sale is authorized under Section 363(f)). The Trustee's Supplemental Brief simply states that "[u]nder O.C.G.A. § 9-8-6, a state court receiver has the express authority to sell free and clear of interests." [Doc. 51] at ¶ 8. However, the proceedings that the trustee wants to rely on "need, at the very least, to be legally possible," *In re Love*, 553 B.R. at 59 (citations omitted), and there are prerequisites that must be satisfied before a state court can appoint a receiver. O.C.G.A. §§ 9-8-1-4. Moreover, "[t]he power of appointing receivers should be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to." O.C.G.A. § 9-8-4. Evidence must be introduced to establish facts supporting the appointment of a receiver. *Bird v. Gen. Discount Corp.*, 21 S.E.2d 651, 653 (Ga. 1942). Here, the Trustee has not attempted whatsoever to show that the

4

appointment of a receiver is appropriate and authorized under Georgia law and therefore this Court should deny the Motion to Sell.

9. Even if the Trustee had attempted to satisfy his burden, he would not be able to successfully do so. A court cannot appoint a receiver without an underlying legal question to be determined in pending litigation in state court, as "the very purpose of appointing a receiver is to preserve and hold the property until such time as the merits of [the pending claims] can be determined." *Kruzel v. Leeds Bldg. Prods., Inc.*, 470 S.E.2d 882, 883 (Ga. 1996) (citations omitted). Since there is no pending litigation in state court, it is not legally possible for a receiver to be appointed, and the Motion to Sell must be denied.

WHEREFORE, Wells Fargo respectfully requests that this Court deny the Motion to Sell [Doc. 45].

Respectfully submitted, this 31st day of July, 2018.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 31st day of July, 2018, filed the within and foregoing by CM/ECF, which will serve notice on all necessary parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)