UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64177-PMB |
| | : | |
| MICHAEL F. ANTONELLI and, | : | CHAPTER 7 |
| NOREEN A. ANTONELLI, | : | |
| | : | |
| Debtors. | : | |
| | : | |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT
## UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW Neil C. Gordon, Chapter 7 Trustee for the bankruptcy estates of Michael F. Antonelli and Noreen A. Antonelli ("**Trustee**"), by and through the undersigned counsel, and files his *Motion for Order Approving Settlement Agreement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"), between Trustee and PNC Bank, National Association ("**PNC Bank**") under Federal Rules of Bankruptcy Procedure Rule 9019.   In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

### I. JURISDICTION

1.      This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334.  Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.  This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

13319715v1

Case 17-64177-pmb   Doc 64   Filed 04/01/19   Entered 04/01/19 12:13:35   Desc Main
Document      Page 2 of 19

## II. BACKGROUND

### a. General Background

2.      Michael F. Antonelli and Noreen A. Antonelli (together, "**Debtors**") filed their voluntary petition under Chapter 7 of Title 11 of the United States Code on August 11, 2017 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 17-64177-PMB (the "**Bankruptcy Case**").

3.      On the Petition Date, Debtor filed under penalty of perjury her *Statement of Financial Affairs, Schedules "A"* through *"J,"* and *Other Bankruptcy Documents* (collectively, the "**Sworn Schedules**").

4.      On or about August 14, 2017, Trustee was appointed to the Bankruptcy Case as the interim Chapter 7 Trustee on or about the Petition Date, pursuant to 11 U.S.C. § 701(a)(1).

5.      Trustee conducted and concluded the meeting of creditors on September 19, 2017, in accordance with 11 U.S.C. § 341(a), after which time, Trustee became the permanent Chapter 7 Trustee pursuant to 11 U.S.C. § 702(d).

6.      At the commencement of the Bankruptcy Case, the Debtors' bankruptcy estates were created under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and the Bankruptcy Estate included all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case.  11 U.S.C. § 541(a)(1) and (7).

2

13319715v1

7.      Trustee is the sole representative of the Bankruptcy Estate.  11 U.S.C. § 323(a).

8.      Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 16] on September 12, 2017, and the Court entered an *Order* [Doc. No. 18] on September 13, 2017, authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee.

### b. The Property

9.      On the Petition Date, Debtors jointly owned that certain real property commonly known as 3020 Lancaster Square, Roswell, Fulton County, Georgia 30076 (the "**Property**").

### c. Alleged Liens, Interests, and Encumbrances

10.      In their Sworn Schedules, *Schedule D – Creditors Holding Secured Claims* [Doc. No. 1, page 41 of 101], Debtors scheduled two (2) claims against the Property in the amounts of (a) $1,447,725.00 in favor of Wells Fargo and (b) $199,000.00 in favor of PNC Bank.

11.      Trustee obtained a full title examination of the Property on June 14, 2018, effective May 30, 2018 (the "**Title Report**").

12.      Pursuant to the Title, the PNC Bank security deed was recorded on the real estate records for the Property on August 22, 2006, well ahead of the recording of the Wells Fargo security deed on September 22, 2006.

13.      Counsel for PNC Bank and Wells Fargo have both acknowledged that there was no subordination agreement between these two lenders or their predecessors in interest or assignors.

3

14.    Trustee and PNC Bank have agreed that PNC Bank has the senior security deed interest in the Property and that a motion for summary judgment should be filed with respect thereto in the pending Lawsuit described hereinafter.

### d. Trustee's Sale of the Property Under 11 U.S.C. Sections 363(b) and (f)

15.    Trustee entered into a *Purchase and Sale Agreement* for the sale of the Property to Mihnea Ion Nastase and Karen Davis Nastase, "as is, where is," for a sale price of $1,100,000.00, subject to Bankruptcy Court approval (the "**Contract**").

16.    On July 3, 2018, Trustee filed pursuant to 11 U.S.C. § 363(b) and (f) a *Motion for (I) Authority to (A) Sell Real Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing and (II) Approval of Surcharge Under 11 U.S.C. Section 506(c)* [Doc. No. 45] (the "**Sale Motion**"), and filed a *Supplement* to the Sale Motion [Doc. No. 51] on July 31, 2018.

17.    On August 3, 2018, the Court entered an *Order* [Doc. No. 56], approving the Contract and authorizing the Trustee's sale of the Property free and clear of all liens, interests, and encumbrances and authorizing Trustee to disburse certain proceeds at closing (the "**Sale Order**").

18.    On August 6, 2018, Trustee closed on the sale of the Property (the "**Closing**"), and Trustee's authorized disbursing agent made those disbursements authorized by the Sale Order at Closing.

19.    The net sale proceeds resulting from the sale of the Property (the "**Net Sale Proceeds**") are being held in Trustee's fiduciary account pending further order of the Bankruptcy Court.

4

13319715v1

### e. The Adversary Proceeding (or Lawsuit)

20.     On August 2, 2018, Trustee filed a *Complaint* [Doc. No. 55, Adv. Pro. Doc. 1] against PNC Bank, et al., initiating Adversary Proceeding Case No. 18-05183-PMB (the "**Lawsuit**"), seeking (i) a determination of the validity, extent, and priority of liens and interests; (ii) avoidance of certain transfers under 11 U.S.C. § 544(a)(3); (iii) recovery of certain transfers under 11 U.S.C. § 550(a); and (iv) preservation of avoided transfers under 11 U.S.C. § 551.

21.     In the Adversary Proceeding, PNC Bank did not dispute Trustee's claims that PNC Bank has the senior security deed position against the Property.

## III. THE SETTLEMENT

22.     Following negotiations and subject to Bankruptcy Court approval, Trustee and PNC Bank (together, the "**Parties**") mutually desire to settle all disputes and issues and avoid further litigation of the Lawsuit by agreeing that (a) PNC Bank has the senior security deed positon against the Property to secure an indebtedness of no less than $200,000.00, (b) out of the PNC secured claim, PNC Bank agrees to a surcharge on behalf of the Bankruptcy Estate of $100,000.00 (the "**Agreed Surcharge**"), (c) PNC Bank shall be entitled to a distribution of its secured claim amount less the Agreed Surcharge only upon the consent of the parties to the Lawsuit or a determination by the Court that PNC Bank has the senior lien position in the Property, and (d) a motion for summary judgment in the Lawsuit will be filed to establish the foregoing lien priority of PNC Bank and entitlement to the foregoing funds.

13319715v1

23.     Trustee attaches a copy of the *Joint Stipulation and Settlement Agreement* (the

"**Settlement Agreement**") as Exhibit "A." Significant terms of the Settlement Agreement

are as follows:[1]

    (a)    Trustee shall file a motion (the "**Settlement Motion**") pursuant to

Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the

Bankruptcy Court's approval of this Agreement (the "**Settlement**

**Order**").

    (b)    A Motion of Summary Judgment will be filed in the Lawsuit to

establish the senior lien priority position of PNC Bank and its

entitlement to a secured claim in the Net Sale Proceeds in the amount

of $200,000.00 (the "**PNC Secured Claim**").

    (c)    The Bankruptcy Estate shall have an Agreed Surcharge from the

PNC Secured Claim in the amount of $100,000.00.

    (d)    Upon the Settlement Order becoming final, the Agreed Surcharge

will be effective as between the Parties. The parties shall work

together on the preparation and filing of a summary judgment

motion in the Lawsuit to establish the senior lien priority position of

PNC Bank. After a final judgment is obtained to establish the senior

lien priority position of PNC Bank, Trustee shall remit to PNC Bank

---

[1]     The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

13319715v1

from the Net Sale Proceeds, the amount of its senior lien claim less the Agreed Surcharge in full satisfaction of the PNC Secured Claim (the "**PNC Secured Claim Payment**").

(e)    There shall be no other or further remittance to PNC Bank from the Bankruptcy Estate.

(f)    The Settlement Agreement is intended to resolve the Lawsuit as it pertains to Trustee's claims against PNC Bank.

(g)    For the purposes of the Settlement Agreement, the Settlement Order becomes a final order when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

(h)    Effective upon PNC Bank's receiving the PNC Secured Claim Payment, PNC Bank hereby releases Trustee and the Bankruptcy Estate from all claims and causes of action, including under 11 U.S.C. § 502(h), except as otherwise set forth herein.

13319715v1

## IV. RELIEF REQUESTED

24.     By this Settlement Motion, Trustee requests that the Court enter an order granting the Settlement Motion and approving the Settlement Agreement.

## V. BASIS FOR RELIEF

25.     Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a)     the probability of success in the litigation;
> (b)     the difficulties, if any, to be encountered in the matter of collection;
> (c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

8

26.     The proposed settlement between the Parties is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

27.     By virtue of the Settlement Agreement, the Parties have settled all disputes and issues between them in a manner that is in the best interest of the Bankruptcy Estate as it creates a surcharge for the Bankruptcy Estate of $100,000.00, the same amount proposed in the original Sale Motion.

28.     Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee moves the Court to approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 1st day of April, 2019.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Neil C. Gordon*
       Neil C. Gordon
       Georgia Bar No. 302387
       neil.gordon@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

9

13319715v1

# EXHIBIT "A" FOLLOWS

13319715v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64177-PMB |
| | : | |
| MICHAEL F. ANTONELLI and, | : | CHAPTER 7 |
| NOREEN A. ANTONELLI, | : | |
| | : | |
| Debtors. | : | |
| | : | |

## JOINT STIPULATION AND SETTLEMENT AGREEMENT

This *Joint Stipulation and Settlement Agreement* (the "**Agreement**") is by and between Neil C. Gordon, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Michael F. Antonelli and Noreen A. Antonelli (collectively, the "**Bankruptcy Estate**"), and PNC Bank, National Association ("**PNC Bank**"):

WHEREAS, Michael F. Antonelli and Noreen A. Antonelli (together, "**Debtors**") filed their voluntary petition under Chapter 7 of Title 11 of the United States Code on August 11, 2017, thereby initiating Bankruptcy Case No. 17-64177-PMB (the "**Bankruptcy Case**"); and

WHEREAS, on or about August 14, 2017, Trustee was appointed to the Bankruptcy Case as the interim Chapter 7 Trustee on or about the Petition Date, pursuant to 11 U.S.C. § 701(a)(1); and

WHEREAS, Trustee conducted and concluded the meeting of creditors on September 19, 2017, in accordance with 11 U.S.C. § 341(a), after which time, Trustee

13286060v1

became the permanent Chapter 7 Trustee pursuant to 11 U.S.C. § 702(d); and

WHEREAS, pursuant to *Schedule A – Real Property* [Doc. No. 1, page 17 of 101], Debtors scheduled their joint ownership interest in that certain real property known generally as 3020 Lancaster Square, Roswell, Fulton County, Georgia 30076 (the "**Property**"); and

WHEREAS, Pursuant to *Schedule D – Creditors Holding Secured Claims* [Doc. No. 1, page 41 of 101], Debtors scheduled two (2) claims against the Property in the amounts of (a) $1,447,725.00 in favor of Wells Fargo and (b) $199,000.00 in favor of PNC Bank; and

WHEREAS, the PNC Bank security deed was recorded on the real estate records for the Property on August 22, 2006, well ahead of the recording of the Wells Fargo security deed on September 22, 2006; and

WHEREAS, counsel for PNC Bank and Wells Fargo have both acknowledged that there was no subordination agreement between these two lenders or their predecessors in interest or assignors; and

WHEREAS, the Trustee and PNC Bank agree that PNC Bank has the senior security deed interest in the Property and that a motion for summary judgment should be filed with respect thereto in the pending Lawsuit described hereinafter; and

WHEREAS, Trustee entered into a *Purchase and Sale Agreement* for the sale of the Property to Mihnea Ion Nastase and Karen Davis Nastase, "as is, where is," for a sale price of $1,100,000.00, subject to Bankruptcy Court approval (the "**Contract**"); and

13286060v1

WHEREAS, On July 3, 2018, Trustee filed pursuant to 11 U.S.C. § 363(b) and (f) a

*Motion for (I) Authority to (A) Sell Real Property of the Bankruptcy Estate Free and Clear of Liens,*

*Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing and (II) Approval of*

*Surcharge Under 11 U.S.C. Section 506(c)* [Doc. No. 45] (the **"Sale Motion"**), and filed a

*Supplement* to the Sale Motion [Doc. No. 51] on July 31, 2018; and

WHEREAS, on August 3, 2018, the Court entered an *Order* [Doc. No. 56], approving

the Contract and authorizing the Trustee's sale of the Property free and clear of all liens,

interests, and encumbrances and authorizing Trustee to disburse certain proceeds at

closing (the **"Sale Order"**); and

WHEREAS, On August 6, 2018, Trustee closed on the sale of the Property (the

**"Closing"**), and Trustee's authorized disbursing agent made those disbursements

authorized by the Sale Order at Closing; and

WHEREAS, the net sale proceeds resulting from the sale of the Property (the **"Net**

**Sale Proceeds"**) are being held in Trustee's fiduciary account pending further order of the

Bankruptcy Court; and

WHEREAS, on August 2, 2018, Trustee filed a *Complaint* [Doc. No. 55, Adv. Pro.

Doc. 1] (the **"Complaint"**), against, PNC Bank, et al., initiating Adversary Proceeding

Case No. 18-05183-PMB (the **"Lawsuit"**), seeking (i) a determination of the validity,

extent, and priority of liens and interests; (ii) avoidance of certain transfers under 11

U.S.C. § 544(a)(3); (iii) recovery of certain transfers under 11 U.S.C. § 550(a); and (iv)

preservation of avoided transfers under 11 U.S.C. § 551; and

13286060v1

WHEREAS, PNC Bank does not dispute Trustee's claims in the Lawsuit that PNC Bank has the senior security deed position against the Property; and

WHEREAS, on the basis of this Agreement, Trustee and PNC Bank (together, the "**Parties**") mutually desire to settle all disputes and issues and avoid further litigation by agreeing that (a) PNC Bank has the senior security deed positon against the Property to secure an indebtedness of no less than $200,000.00, (b) out of the PNC secured claim, PNC Bank agrees to a surcharge on behalf of the Bankruptcy Estate of $100,000.00 (the "**Agreed Surcharge**"), (c) PNC Bank shall be entitled to a distribution of its secured claim amount less the Agreed Surcharge only upon the consent of the parties to the Lawsuit or a determination by the Court, and (d) a motion for summary judgment in the Lawsuit will be filed to establish the foregoing lien priority of PNC Bank and entitlement to the foregoing funds.

NOW, THEREFORE, as set forth below, the Parties agree as follows:

1. Upon execution of this Agreement by each of the Parties, Trustee shall file a motion (the "**Settlement Motion**") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of this Agreement (the "**Settlement Order**").

2. A Motion of Summary Judgment will be filed in the Lawsuit to establish the senior lien priority position of PNC Bank and its entitlement to a secured claim in the Net Sale Proceeds in the amount of $200,000.00 (the "**PNC Secured Claim**").

3. The Bankruptcy Estate shall have an Agreed Surcharge from the PNC Secured

Claim in the amount of $100,000.00.

4. Upon the Settlement Order becoming final, the Agreed Surcharge will be effective as between the Parties. The parties shall work together on the preparation and filing of a summary judgment motion in the Lawsuit to establish the senior lien priority position of PNC Bank.  After a final judgment is obtained to establish the senior lien priority position of PNC Bank, Trustee shall remit to PNC Bank from the Net Sale Proceeds, the amount of its senior lien claim less the Agreed Surcharge in full satisfaction of the PNC Secured Claim (the "**PNC Secured Claim Payment**").

5. There shall be no other or further remittance to PNC Bank from the Bankruptcy Estate.

6. This Agreement is intended to resolve the Lawsuit as it pertains to Trustee's claims against PNC Bank.

7. For the purposes of this Agreement, the Settlement Order becomes a final order when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

8. Effective upon PNC Bank's receiving the PNC Secured Claim Payment, PNC Bank

13286060v1

hereby releases Trustee and the Bankruptcy Estate from all claims and causes of action, including under 11 U.S.C. § 502(h), except as otherwise set forth herein.

9. The Parties each agree to take any and all actions and execute any other documents as may be reasonably required for the Parties to effect the purpose and intent of this Agreement.

10. The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issues relating to or concerning this Agreement.  An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court.

12. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any Party or to any other persons.

13. The Parties acknowledge and represent being fully advised by their respective legal counsel of their rights and responsibilities under this Agreement or, alternatively, having had an opportunity to retain the services of independent legal counsel and having affirmatively elected not to do so, that they have read, know and

13286060v1

understand completely the contents hereof, and that they have voluntarily executed the same.

14. The Parties acknowledge having had input into the drafting of this Agreement or, alternatively, having had an opportunity to have input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

15. This Agreement contains the entire, final, complete, and exclusive agreement between the Parties to the subject matter contained herein. There are no other representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter contained herein, which are not fully expressed herein.

16. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

17. This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

13286060v1

STIPULATED AND AGREED TO this 27 day of March, 2019.

NEIL C. GORDON
CHAPTER 7 TRUSTEE

By:_____
   Neil C. Gordon
   State Bar No. 302387
   Email: neil.gordon@agg.com
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
**Attorneys for Trustee**

PNC BANK,
NATIONAL ASSOCIATION

By:_____
   John D. Schlotter
   State Bar No. 629456
   (By Neil C. Gordon with express
permission given on March 21st, 2019)
Email: john.schlotter@mccalla.com
McCALLA RAYMER LEIBERT PIERCE, LLC
1544 Old Alabama Road
Roswell, Georgia 30076
Tel: (678) 8281-6453
**Attorneys for PNC Bank**

13286060v1

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the foregoing *Motion for Order Approving Settlement Agreement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

John D. Schlotter
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

Monica K. Gilroy
The Gilroy Firm
Suite 140
3780 Mansell Road
Alpharetta, GA 30022

John A. Christy
Schreeder, Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street, NE
Atlanta, GA 30309

Michael F. Antonelli
10 Crestmont Road, Apartment 5R
Montclair NJ 07042

Noreen A. Antonelli
10 Crestmont Road, Apartment 5R
Montclair, NJ 07042

This 1st day of April, 2019.

*/s/ Neil C. Gordon*
Neil C. Gordon
Georgia Bar No. 302387

11

13319715v1